# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| CASSANDRA IMBUS,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. C16-1041-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I.  INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable C.J. Williams, Chief United States Magistrate Judge. *See* Doc. No. 18. Judge Williams recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner). Neither party has objected to the R&R. The deadline for such objections has expired.

## II.  APPLICABLE STANDARDS

### A.  *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of

the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v.*

2

*Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

B.  *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge

to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Imbus applied for supplemental security income benefits (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385 (Act), on November 9, 2013, alleging disability beginning January 24, 2010, due to arthritis, asthma, attention deficit hyperactivity disorder (ADHD), anxiety, borderline personality disorder, depression, sleep apnea and wrist issues. *See* AR 159, 181. After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Imbus was not disabled as defined in the Act. Imbus argues the ALJ erred in determining that she was not disabled because:

1. The ALJ's RFC is not based on substantial evidence
2. The ALJ failed to properly consider Imbus' subjective complaints

*See* Doc. No. 14. Judge Williams addressed each argument separately.

With regard to whether the RFC was supported by substantial evidence, Imbus argues that the ALJ erred by rejecting the opinions of treating and examining physicians and failing to obtain limitations from a treating or examining source that support the ALJ's decision. Without this evidence, she argues the ALJ's decision improperly relies on the opinions of non-examining state agency psychological consultants. *See* Doc. No. 18 at 13 (citing Doc. No. 13 at 3-8, 16).

Judge Williams acknowledged that opinions of non-examining state agency consultants generally cannot constitute substantial evidence in support of the ALJ's decision when those opinions directly conflict with opinions of treating or examining sources. *See* Doc. No. 18 at 14. However, when the opinions of state agency consultants are consistent with other medical evidence in the record, they may constitute substantial

4

evidence. *Id.* Judge Williams further noted that it is the ALJ's duty to weigh the medical evidence and that an ALJ is permitted to rely on a state agency consultant's opinion even when that opinion conflicts with a treating physician's opinion. *Id.* (citing *Ponder v. Colvin*, 770 F.3d 1190, 1194-95 (8th Cir. 2014)).

Judge Williams explained that the ALJ gave some weight to the opinion of Dr. Gibson, an examining source. *Id.* at 15. The ALJ explained that Dr. Gibson's opinion was inconsistent with Imbus' conservative treatment history and her unremarkable mental status examinations. *Id.* Moreover, Dr. Gibson based his opinion on a single evaluation, whereas the non-examining sources based their opinions on a review of all of the treatment records. *Id.* As for Dr. Hunt, the ALJ assigned little weight to her opinion, finding that it relied on Imbus' subjective complaints, which the ALJ found incredible. *Id.*

The ALJ assigned great weight to the opinions of Drs. Olsen, Griffith, Hunter and Myrna Tashner, Ed.D. *Id.* As to Dr. Olsen, the ALJ concluded his opinion relied heavily on Imbus' treating providers and was consistent with the records. The ALJ found the other opinions were likewise consistent with the record as a whole. *Id.*

Judge Williams concluded that the ALJ did not merely rely on the opinions of non-treating, non-examining physicians in reaching her RFC determination. *Id.* at 16. He noted the ALJ took into account Imbus' daily activities, symptom characteristics, aggravating factors, medications and their side effects, other treatments used and other factors concerning functional limitations. *Id.* He found that the ALJ weighed all opinions against the record as a whole and found the non-examining source opinions were consistent with the record. *Id.* Judge Williams observed that the ALJ attributed less weight to the opinions of the examining sources because they relied on Imbus' subjective complaints, which the ALJ found incredible. *Id.* He concluded that the ALJ's RFC was supported by substantial evidence, including medical opinion evidence that had been properly weighed. *Id.* at 17.

5

Imbus' second argument focuses on the ALJ's credibility assessment. Specifically, she argues that the ALJ failed to detail the reasons for discrediting her and set forth the alleged inconsistencies. *Id.* (citing Doc. No. 14 at 8-11). She further alleges the ALJ misrepresented Dr. Gibson's assessment of her daily activities. *Id.*

Judge Williams concluded that the ALJ did detail her reasons for discrediting Imbus and set forth the inconsistencies found. *Id.* He noted the ALJ reasoned that the record contained clear evidence that Imbus exaggerated her symptoms in order to receive benefits. *Id.* at 18. The ALJ also specifically referenced records from Hillcrest ranging from July 25, 2012 to July 18, 2013, indicating that Imbus was doing well in terms of pain and mental symptoms. *Id.* Judge Williams also noted that the non-examining state agency consultants found that Imbus' impairments were not disabling as alleged. *Id.*

After discussing the factors established in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), Judge Williams concluded the ALJ properly weighed the record and adequately detailed the inconsistencies found. *Id.* at 18-19. He noted the ALJ evaluated Imbus' credibility in light of the *Polaski* factors and determined Imbus had limitations, but they were not as severe as alleged. *Id.* at 19. The ALJ explained that Imbus cared for her children and pets, had little to no problem with personal care, prepared meals, performed housework, shopped for food and clothes, interacted with others on a daily basis, followed instructions and got along with authority figures. *Id.* Her psychological assessment in July 2014 indicated she did not require help with activities of daily living and she was able to participate in activities such as fishing, camping, dancing and reading. *Id.*

In assessing Imbus' daily activities, Dr. Gibson found that she was "capable of remembering and understanding instructions, procedures and locations in a work setting. Chronic pain and chronic emotional instability significantly impair this individual's capacity to maintain attention, concentration and pace sufficient for full time gainful employment." AR 332. He also stated that "[p]ersistent ideas of reference combined

6

with a negative identity predict problematic interaction with others in a work environment over time." *Id.* As noted above, the ALJ assigned Dr. Gibson's opinion "some weight," finding that his "opinion regarding limitations were not in line with the conservative mental health treatment." AR 19. Judge Williams concluded that this reasoning is supported by the record. Doc. No. 18 at 15.

Judge Williams stated that his own review of the record supports the ALJ's conclusion that the documented examinations do not describe consistent mental or physical findings that would support a finding of disability. *Id.* at 20. He concluded that the ALJ reasonably assessed Imbus' credibility and that substantial evidence on the record as a whole supports the ALJ's credibility determination. *Id.*

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards in concluding (1) that the RFC determination was supported by substantial evidence in the record as a whole, including medical evidence and (2) the ALJ's credibility determination was supported by substantial evidence in the record as a whole. I find no error – clear or otherwise – in Judge Williams' recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R (Doc. No. 18) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Williams' recommendation, the Commissioner's determination that Imbus was not disabled is **affirmed**. Judgment shall enter in favor of the Commissioner.

7

**IT IS SO ORDERED.**

**DATED** this 3rd day of January, 2018.

                                          _____
                                        Leonard T. Strand, Chief Judge